THE AMERICAN SILK DYEING AND FINISHING COMPANY,
PLAINTIFF IN ERROR, v. FULLER'S EXPRESS COM-
PANY, DEFENDANT IN ERROR.

Argued December 7, 1911—Decided March 4, 1912.

1. While a common carrier cannot lawfully contract for exemption
   from liability for losses arising from its negligence, it may
   stipulate with the shipper as to the value of the property, and
   contract that its liability shall be limited to the amount so
   stipulated.
2. Where a shipping receipt that contains such a limitation of the
   carrier's liability is prepared and tendered by the shipper and
   accepted by the carrier, the shipper is bound thereby.

On error to the Supreme Court.

For the plaintiff in error, *D. Frederick Burnett* and *Arthur W. Clement,* of the New York bar.

For the defendant in error, *Griggs & Harding.*

The opinion of the court was delivered by

BERGEN, J. The defendant corporation was, at the time of the happening of the events upon which plaintiff bases its action, engaged in the business of transporting merchandise for hire. Its method of business was to receive goods in its wagons in Paterson and deliver them to a railroad company in that city consigned to defendant in Jersey City, at which point they were taken by defendant and delivered by its wagons in New York City either to the original consignee, or to another common carrier if the ultimate destination of the goods required it, limiting its charges to Jersey City or to the point of delivery by its wagons. In the present case it accepted from the plaintiff "one (1) case of silk, 692, marked Marshall Field' & Co., Chicago, Ill.," and delivered it to the Erie Railroad Company to be carried to Jersey City. It was placed by that company in a car duly sealed which was broken and the goods stolen at some point between Paterson and Jersey City, and for this loss the plaintiff brings his action to recover the full value of the silk. The trial court holding that by the contract of shipment the plaintiff was limited in its right of recovery to $50, so instructed the jury, and this direction is the basis of plaintiff's writ of error. It is admitted by a stipulation signed by both parties that the reasonable value of the goods lost is $1,839.75; that the defendant is an express company organized under the laws of the State of New Jersey with its principal office in the city of Paterson, and is a general forwarder of freight, packages, money and valuables; that the receipt given by defendant to plaintiff contained, among others, the following words: "And it is hereby expressly agreed, and is a part of the consideration of this contract, that the Fuller's Express are not to be liable for any loss or damage except as forwarder only; nor for any loss or damage of any box, package or thing for

over fifty dollars, unless the just and true value thereof is herein stated." As no value was stated, the contract, if legal, is an agreement entered into by both parties that in case of loss the one will pay and the other accept, as the agreed value of the goods lost, $50. It is settled in this state that while a common carrier cannot lawfully contract for exemption from liability for losses arising from its negligence, it may stipulate with the shipper as to the value of the property entrusted to it, and may contract that its liabiliy shall be limited to such stipulated amount. *Atkinson* v. *N. Y. Transfer Co.*, 47 *Vroom* 608, following in this respect the Supreme Court of the United States, in which it was said: "It is just to hold the shipper to his agreement, fairly made, as to value, even where the loss or injury has occurred through the negligence of the carrier. The effect of the agreement is to cheapen freight and secure the carriage if there is no loss; and the effect of disregarding the agreement, after loss, is to expose the carrier to a greater risk than the party intended he should assume." *Hart* v. *Pennsylvania Railroad Co.*, 112 *U. S.* 340, and such is the great weight of authority, 5 *Am. & Eng. Encycl. L.* 328; 6 *Cyc.* 402. It remains therefore only to be considered whether in this case any such contract was made. The facts bearing on this point are that the plaintiff had in its possession a book of receipts or waybills commonly used by the defendant, and that it prepared this particular waybill or receipt and tendered it for signature to the defendant by whom it was signed. Under similar circumstances this court, in *Perrin* v. *U. S. Express Co.*, 49 *Vroom* 515, said: "The plaintiffs had knowledge of the entire contents of the receipt, for they had, by their agents in charge of shipping the goods, prepared it and tendered it to the defendant, contrary to the general course of such transactions, where customarily the receipt is filled out by the carrier and tendered to the shipper. Although it was written upon blanks furnished by the carrier, yet these blanks had been in the possession of the shippers and had been uniformly used and filled out by them in their usual course of shipping goods for more than a year previous to the transac-

tion in question, and were tendered to them by the defendant, and so had been adopted by the plaintiffs as embodying their own contract. * * * Here, then, we have essentially a case of the shipper limiting the liability of a carrier, not the usual one where the carrier has sought to do so." Applying this rule to this case there can be no doubt that this plaintiff tendered such a contract with full knowledge of its contents, and that it was accepted. It thus appears that this court has already decided that a carrier and shipper may lawfully contract as to a stipulated amount of liability, and that the shipper will be charged with notice of the contents of the contract if he himself prepares it and tenders it to the carrier. Such being the *status* of the present case the instructions given by the trial judge were not erroneous, and the judgment below should be affirmed.

The conclusion which we have reached renders it unnecessary to consider whether or not this shipment was interstate commerce, for the defendant having been held liable as the initial carrier, the only question presented is the extent of its liability.

The judgment below should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, PARKER, BERGEN, VOORHEES, KALISCH, BOGERT, VREDENBURGH, VROOM, CONGDON, WHITE, JJ. 13.

*For reversal*—None.